**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAKOTA SMITH** **PLAINTIFF**
**ADC #555199**

**v.** **No. 4:25-cv-00119-LPR**

**JAMES SHIPMAN, et al.** **DEFENDANTS**

**ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 65) and the Plaintiff's Objections (Doc. 67). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects, except to the extent the RD can be construed as inconsistent with the following.

The RD characterizes the November 12 incident as a "surprise to everyone" because Inmate Perry was not on Plaintiff's enemy alert list prior to the attack.[1] But the mere fact that Inmate Perry was not on Plaintiff's enemy alert list does not on its own fully absolve Defendants of the knowledge that Inmate Perry posed a potential threat of harm to Plaintiff. This is because, at least in theory, it could conceivably be the case that Inmate Perry should have been on Plaintiff's enemy alert list, that Defendants knew or were deliberately indifferent to that fact, and that the Defendants' failure to place Inmate Perry on Plaintiff's enemy alert list was part of the problem. Indeed, Plaintiff specifically argues that the attack was not a surprise because he had previously made Defendants aware of Inmate Perry's alleged threats against his life.[2]

Nonetheless, on the actual facts in the record of the instant case, the RD still makes the

---

[1] RD (Doc. 65) at 3.

[2] Objections (Doc. 67) at 1.

right recommendation. As the RD correctly notes, neither Defendant anticipated that Inmate Perry would escape from his cell to assault Plaintiff that day.[3] This fact is very important to the surprise analysis. Even assuming arguendo that Defendants had prior knowledge of Inmate Perry's threats against Plaintiff's life, Defendants would have had no reason to believe Inmate Perry posed a substantial risk of serious harm to Plaintiff given the facts of Plaintiff's confinement. Plaintiff was housed in a one-man cell located two tiers away from Inmate Perry, and he was escorted by two correctional officers anytime he left his cell.[4] Plaintiff testified that he had never been in the same room with Inmate Perry outside of his cell until the day Inmate Perry escaped and attacked him.[5] On these facts, Plaintiff simply cannot show that Defendants demonstrated a deliberate disregard for his safety. Defendants are therefore entitled to qualified immunity on Plaintiff's failure to protect claims.[6]

The Court has also considered the motions Plaintiff filed after the RD was entered. Plaintiff's Motion to Not Consider Extrinsic Evidence (Doc. 66), which asks that the Court not consider evidence outside of the Complaint, is DENIED. The Court must consider such evidence in ruling on a motion for summary judgment.[7] Plaintiff's Motion for Hearing (Doc. 69), which asks to review the sealed exhibits to the summary judgment motion, is DENIED based on the

---

[3] RD (Doc. 65) at 4–5. Plaintiff says that Inmate Perry's door was cracked, presumably to counter the idea that the attack was a surprise. *See* Pl.'s Resp. to Mot. for Summ. J. (Doc. 60) at 5, 35; Objections (Doc. 67) at 1. There are two responses to this. First, Plaintiff testified at his deposition that Inmate Perry's door appeared to be closed just before the attack. Smith Dep. (Doc. 51-1) at 33–34. Second, and far more importantly for purposes of today's decision, there is no evidence to suggest that Defendants Shipman and Culclager knew or had any reason to know that Inmate Perry could escape from his cell.

[4] RD (Doc. 65) at 5.

[5] Smith Dep. (Doc. 51-1) at 40.

[6] Consistent with footnote 2 of the RD, the Court also finds that Plaintiff's official capacity damages claims against Defendants are barred by sovereign immunity and that Plaintiff's request for transfer must be denied because Defendants did not violate Plaintiff's constitutional rights.

[7] *See* Fed. R. Civ. P. 56.

Court's Order allowing the exhibits to be sealed *ex parte*.[8] Plaintiff's Motion to Appoint Counsel (Doc. 68), Motion for Ruling (Doc. 70), Motion for Copies (Doc. 71), Motion to Move On to a Trial Setting and Subpoena (Doc. 75), Motion for Leave to Proceed *in forma pauperis* (Doc. 76), and Motion to Resolve Objections and Set for Trial (Doc. 77) are DENIED as moot in light of this Order.[9]

Accordingly, IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. 51) is GRANTED. Plaintiff's Eighth Amendment failure to protect claims against Defendants Shipman and Culclager are DISMISSED with prejudice.

2. Plaintiff's official-capacity damages claims against Defendants Shipman and Culclager are barred by sovereign immunity and DISMISSED without prejudice.

3. Plaintiff's Motion to Not Consider Extrinsic Evidence (Doc. 66), Motion to Appoint Counsel (Doc. 68), Motion for Hearing (Doc. 69), Motion for Ruling (Doc. 70), Motion for Copies (Doc. 71), Motion to Move On to a Trial Setting and Subpoena (Doc. 75), Motion for Leave to Proceed *in forma pauperis* (Doc. 76), and Motion to Resolve Objections and Set for Trial (Doc. 77) are DENIED.

4. The Clerk is directed to close this case.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

---

[8] Doc. 78.

[9] Aside from being moot, the motion for counsel is not well-taken. Plaintiff asks for counsel because he cannot check out law books from the library and because he is "set for trial." Doc. 68 at 1. Because this case is being dismissed, trial counsel is unnecessary. Moreover, this case is not difficult enough legally or factually to require the appointment of counsel.

IT IS SO ORDERED this 16th day of September 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE